UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:10CV1871 RWS/FRB |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This cause is on appeal from an adverse ruling of the Social Security Administration. Presently pending before the Court is Defendant's Motion To Reverse And Remand With Suggestions In Support (Docket No. 11/filed December 22, 2010). All pretrial matters were referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b), for appropriate disposition.

Defendant answered plaintiff's Complaint in this cause on December 21, 2010, and filed the instant motion the following day, moving for remand of this matter for further consideration of plaintiff's claims. Specifically, defendant avers that, upon remand, the Appeals Council will remand plaintiff's case to the Administrative Law Judge ("ALJ") with instructions to consolidate this claim with plaintiff's subsequent claim for disability insurance benefits and supplemental security income, which is currently pending before defendant Agency. Defendant further avers that the ALJ will also be instructed to obtain vocational expert

-1-

testimony to determine whether there exist a significant number of jobs in the national economy that plaintiff could perform.

Citing Shalala v. Schaefer, 509 U.S. 292 (1993), defendant requests that this Court enter a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure, reversing the decision of the ALJ and remanding this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). In addition, citing Brown v. Barnhart, 282 F.3d 580 (8th Cir. 2002), defendant requests that this Court's order include a specific statement that it is "reversing and remanding" the case.

On December 22, 2010, plaintiff filed a reply, in which he stated that he objected to the instant motion. (Docket No. 12). Therein, plaintiff complains that defendant's motion contained no discussion of "whether the ALJ will offer the claimant an opportunity to testify while represented by an attorney, whether the ALJ will consider new evidence, whether the ALJ will be instructed that the claimant has not performed substantial gainful activity after the alleged onset date of disability, whether the ALJ will consider the listings, or whether the ALJ will make a new finding as to Plaintiff's residual functional capacity with a decision providing a sufficiently detailed function-by-function assessment." (Id.) Plaintiff further avers that the ALJ made errors beyond those noted in the instant motion. In his reply to defendant's motion, plaintiff indicates his intent to file a brief detailing his arguments, but has not done so as of this date.

Having considered defendant's motion, and having

considered plaintiff's arguments in opposition, the undersigned finds defendant's motion to be well-taken. The arguments plaintiff makes in opposition are most appropriate for presentation to the Social Security Administration upon remand and/or during rehearing.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion To Reverse And Remand With Suggestions In Support (Docket No. 11) be granted.

**IT IS FURTHER RECOMMENDED** that the Commissioner's decision be reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), for further consideration of plaintiff's claims.

The parties are advised that they have until February 2, 2011, to file written objections to this Report and Recommendation. Failure to file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990) (per curiam).

/s/ Frederick R. Buckles
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of January, 2011.